Mitchell v. Green. Ms. Silver. Good to have you here, Ms. Silver. Thank you, Your Honor. Good morning. My name is Joanna Silver and I represent the appellant William Mitchell. The District of Maryland has now become an extreme outlier in its repeated refusal to apply the holding of Wall v. Coley to a trial. Every other federal court that has considered a similar motion has applied Wall v. Coley, regardless of whether the motion requests relief based on a legal error or leniency, regardless of whether and when a trial court must rule on such a motion, and regardless of whether such a motion carries a right to appeal. These courts follow Coley's teaching that one purpose of AEDPA's before proceeding to federal court, and this purpose furthers important principles of comedy, finality, and federalism. This court should follow the lead of its sister circuits and the many other district courts that have faithfully applied Coley and find that Mr. Mitchell's motion to modify his sentence told the statute of limitations under AEDPA. So I'd like to start with the plain language of Wall v. Coley because I think that it supports the teaching that a motion to modify a sentence under Maryland law told the statute of limitations for AEDPA. Coley sets forth a simple and broad definition of a motion for collateral review. It means judicial review that takes place outside of the direct review process, and that's what happens in a motion to modify a sentence under Maryland law. It asks the trial court to review a sentence, to make it shorter, or to modify it, and this request is a direct appeal process. What about the fact that in Coley the the court was clear that it was applying its analysis specifically to Rhode Island law? Well the court always has to be clear that it's applying its analysis of the statute in front of it, and that fact was a really no moment to any of the many many circuit courts and federal courts that have applied it as well. Is there any significant difference between Maryland, this Maryland law, and the Rhode Island law? Not that are that's the key, is that what the state, because the language of Coley is so clear and so clearly should apply, what the state has had to do is try to pick apart differences. But if you actually look at the language of Walby Coley and you look at how that language was analyzed by all of the federal courts that have applied it, they are really just distinctions without a difference. One of the points that Coley makes is that the application of AEDPA's tolling provision should not turn on the formalities, that's the word that it used, of the particular state rule, because state rules vary so widely. The other reason I don't think these differences matter is that in analyzing Rhode Island's rule, and I think Judge Thacker that this addresses your question most directly, the Supreme Court actually compared it quite a bit to the former federal rule of criminal procedure, Rule 35, which is very different from Rhode Island's rule, but it has differences, it has the same structural differences that the court was looking at in Walby Coley. And then, as I said, none of the other courts really cared about these differences. And one of the significant differences the state points to is that in the Rhode Island rule, a legal challenge and a leniency challenge are all in the same subsection of the statute. And in the Maryland rule and in former Rule 35, they're in two different subsections. So that, according to the state, is supposed to be a significant difference. But if you actually look at every single rule that was examined by all of the federal circuit and district courts that have applied Coley, they all have their legal and leniency challenges in separate sections. How many circuits are on your side? The 11th Circuit, the 1st Circuit, and the 10th Circuit. Three. Yeah. And there are no circuits that have ruled opposite. How many judges in Maryland have ruled against you? Many, many. And what has happened in Maryland, and what happens in these cases? Are they bound by each other? They're not. They're not bound. Do they consider themselves to be bound by each other? Well, it's very interesting because Judge Chasnow's decision in this case, I think, suggests how they feel about, I think it's more of a mutual respect they have. They know they're not bound. Yet she said, I mean, she granted the Certificate of Appealability sua sponte because she felt uncomfortable going against this line of cases in her district and really wanted to hand this answer to over to this court, and that's why she granted the certificate. One of the things that a lot of the courts don't realize... The first time it's come up here? So it is the second time, but the first time it was in the Woodfull versus Maynard, where it came up, except this court didn't have to address it because it granted, it reversed the district court's decision on a different subject, a different topic. So that's why it never actually got addressed. But part of the reason these don't get addressed is because so many of the cases are pro se, so it's actually pretty unusual for counsel to be appointed, and it's, you know, a complicated issue that does need briefing. But there's a sense that we ought to wait to get in, federal courts ought to wait to get into it until the state finishes things. Oh, and that's exactly right. That's exactly right. That's what Walby-Coley holds, is that we want to incentivize the litigation of all possible state court remedies, that that is one of the purposes of EBBA's tolling provision. And I think the state tries to focus on this fact that because the issues you might raise in a motion to modify a sentence are not issues that are cognizable on a federal habeas petition, then there could be no reason to allow tolling in those cases. And Walby-Coley directly rejects that argument, because the state of Rhode Island made that exact same argument, and the Supreme Court said, no, that doesn't matter. What matters is allowing all remedies to be exhausted in state court, because that furthers an important goal of finality, comedy, and federalism. In looking at, Your Honor asked about the other district court cases in Maryland. So they all start with this case of Tasker v. Maryland, and that case relied very heavily on an unpublished and unargued Eleventh Circuit case called Baker v. McNeil. And then, as often is the case, the rest of the cases in the District of Maryland just continue to apply the holding in Tasker. Over what period of time? It started in 2012. Tasker was decided, I believe, in 2012. Walby-Coley was issued in 2011. Tasker was issued in 2012, or possibly 2013. I apologize for not knowing exactly. But then in 2017, the Eleventh Circuit, in a published opinion, Rogers v. Secretary overruled Baker v. McNeil. And that is, if this court needs another compelling reason to overrule the district court's decision in this case, it is Rogers v. Secretary. It is a published opinion overruling the opinion that all of the district courts have been relying on over the years. And it not only overrules it, but it actually does it, making all of the arguments that we are making here. It makes all of the arguments that Mr. Mitchell made in his opening brief. It basically talks about the fact that the purpose, that Coley relies heavily on furthering this purpose of allowing state court litigants to exhaust all state court remedies when it extinguishes the difference between leniency and legal challenges. It talks about the fact that the Florida rule it was examining, you know, just fits that plain language definition of Coley. And it calls the state's attempt to distinguish Florida's rule from misguided. And it says that it doesn't matter that in Florida you cannot appeal from a motion to modify a sentence. It doesn't matter that there are no legal standards that guide those motions. It doesn't matter that legal and leniency challenges are in separate sections. And it doesn't matter that it may ultimately extend the tolling provision by some amount of time. None of those differences matter to the 11th Circuit. And I don't think they should matter to this court. Your Honors, if you have no further questions, then I will reserve my remaining time for rebuttal. That's fine. Thank you very much. Mr. Dietrich. Good morning, Your Honors. May it please the Court, Ryan Dietrich for the State of Maryland. Motions filed pursuant to Maryland Rule 4345E do not toll the 2244 statute limitations for federal habeas purposes. As we know, it's tolled during when a pending application for collateral review is before the Court. You're saying that's not a collateral review? That's correct. That's what you have to say, right? That's correct. And what if it's filed and it's pending for a year and a half? The judge doesn't rule on it. So the one-year statute under AEDPA would run. I'm sorry, Your Honor. Your motion is filed and the judge doesn't rule on it. Does not rule on it. Does not rule on it. He sits on it. Or she sits on it. Doesn't rule on it for a year and a half. Okay. And that would not toll the limitations period under the State's reasoning. No motion for modification tolls the statute of limitations under the Maryland Rule as opposed to the Rhode Island Rule which was discussed in Walby-Coley. And there are significant differences between the Rhode Island Rule and the Maryland Rule that are pertinent to this discussion. There's several of them. One is the structure of the rule where Maryland has different sections for a leniency. In Rhode Island, they were both in the same section. In here, in Maryland, a motion for modification under Well, does the Coley decision talk at all about this leniency versus lawfulness separation point that you make? It does. The State acknowledges that in Walby-Coley, the Supreme Court acknowledged that it was in Rhode Island what was being the motion at issue was a for leniency. But there's differences in that structure and what happens in a motion for modification in Rhode Island. For example, So, yeah, but so Coley did not make this leniency versus lawfulness analysis that you make here, right? I mean, Coley addressed leniency. It didn't talk about this split that it would make a difference one way or the other. It did. And I don't want the Court to be confused by my argument. It's not that the fact solely of leniency versus legality is the difference maker, but it's all of these factors combined that I lay out in my brief, whether it be the structure of the rule, the pure leniency aspect, the fact that it's not appealable, the fact that there are no explicit factors to be considered in Maryland whereas Rhode Island had explicit factors that the Court would use to review the sentence that being asked to be modified. That in Rhode Island, a motion for modification of sentence under Rule 35 was necessary for further appellate review. That fits within the notion of exhaustion of placing a claim before the court, before the state court, having it be exhausted so that it could be possibly presented in federal court under federal habeas. And very importantly, under Maryland rule, there's absolutely no need for the state to rule on a motion for modification of sentence. So in essence, you have an open-ended motion where the court need not review a sentence at all. And in fact, in this case, much like most cases, the defendant actually asks for the court not to rule on it. They ask that it be held sub curia. So it's inconsistent with review to ask a court to not review a sentence under a motion for modification. And finally, and I'll get into this later because there's some ambiguity in the state case law now, but with regard to how long a motion can actually be pending before the court. But to get down to what happened to apply this to Wall v. Coley, the state's position is this is not a motion that allows review. In other words, we acknowledge that it's collateral in the sense that it's outside of the direct review process, but that it does not encompass review of the sentence. I don't understand that. If a judge takes up that motion and considers it, why isn't that review? But let me back up. Review of the judgment. We acknowledge that the sentence may be reviewed, but the sentence is different looking at it from the perspective of federal habeas. The sentence is the final order. Sentence is certainly part of the judgment. It's the final order. I thought that was the law, that the final order in a criminal case is the sentencing order. That's correct, Your Honor. And this being asked here, they make a motion to change the sentence. Right, but the fact that the sentence is changed. In the state court. Certainly, the fact that the sentence is changed has nothing to do necessarily with the judgment, especially for federal. They're trying to change the judgment. They are, but not with respect to how that affects federal habeas and exhaustion and tolling, which is the whole purpose of. You're asking us to create a circuit split, correct? You disagree with her that three circuits are ruled the petitioner's way? I certainly acknowledge that those circuits have ruled against the state's position. Against your position. Three circuits have ruled against your position. That's correct. I would add that I concede that Rogers v. Secretary, which is the 11th Circuit, was more fleshed out in its analysis. The other two circuits are a little more cursory in their analysis in terms of holding the Walby-Coley. But they're against you? They are. Those three circuits. So you're asking us, if we ruled in your way, we'd create a circuit split? That would be correct. Okay, I'll make sure you understand that. Yes, and it's the state's position that. We create them every now and then, but sometimes we don't like to. I wish it wasn't that way, but it's the state's position that Rogers v. Secretary was wrongly decided. Judge Chasto must have been concerned in some way or another because she ruled your way and then issued a certificate of appealability on her own motion. Suis Ponte, right? No, I understand that and I think that there was certainly tension between what Maryland courts have held and what other courts. Some tension? Yes. Is that what you called it? Quite a bit of tension. Quite a bit of tension. And so, obviously, this court is now being asked to resolve the issue with respect to the Fourth Circuit and with particular Maryland Rule 4345E. And so I think all of those factors that I've discussed set the Rhode Island rule apart from the Maryland rule. The last aspect is that under Maryland Rule 4345E, there's a five-year limit that's written into the rule. Now, Maryland Court of Special Appeals, the intermediate court, about a month ago came out with a decision that sort of threw that into doubt and whether that was actually a jurisdictional bar to reviewing a decision. And I've informed opposing counsel of that case. It's Schlicke v. State and the Westlaw site is 2018 Westlaw 4500030. And what it held is in a situation, not necessarily unlike here, where someone gets- When did you inform opposing counsel of that case? Yesterday, Your Honor. And what it essentially held in a situation where- Did you inform the court of that case yesterday? I did not. And I will inform you via letter after I get back. I apologize for that. But what that court held in a situation where a defendant got post-conviction relief, in Maryland you can file a post-conviction petition 10 years after your conviction. They filed that somewhere several years after the conviction. And what they got is a belated motion for modification of sentence. They filed that. Meanwhile, the five-year limit after the imposition of sentence expired, the Court of Special Appeals nonetheless held that even though the rule says that they have five years, a court has five years and cannot modify a sentence after that fact, the court retains jurisdiction to, in fact, modify that sentence. And that's important here because one of the arguments that opposing counsel makes is that there's no concern about the effect of tolling because of that limited time. And what this case sort of calls into doubt is, is there, in fact, a limit on that time? So if a defendant files a motion for modification, is it, in fact, does it stop pending after five years? Now, I will be frank with the court that the state of Maryland, it's still within the time to file a writ of certiorari to the Maryland Court of Appeals, and the state does intend to file a writ of certiorari or petition for writ of certiorari on that issue. So that case is not the law of Maryland yet or is the law of Maryland? It's the intermediate court, you said, right? Right. It's the intermediate court. It's a reported case. And you're going to file a petition for certiorari? That's correct. Right. Reflecting the position that the five-year limit is a five-year limit, a strict jurisdictional five-year limit. But, and unfortunately here in the meantime where that's the state of the law as it exists. And again, that's important because if you can have a motion for modification, again, a motion for modification of sentence which cannot have, in Maryland, cannot have any impact on a claim that can thereafter be put forth in federal habeas, that you would sanction a situation where you could toll indefinitely for something that has absolutely nothing to do with what the purpose of it is. And so, and again, the state acknowledges that there was no distinction made between legality and leniency in Wall v. Coley. But all of those factors put together make it inconsistent, vastly inconsistent for the court to hold or for the court to interpret Wall v. Coley to encompass purely leniency petitions or motion for modification where in Maryland the court need not rule on it. There's nothing unlike other rules, unlike the Rhode Island rule that says that you have to rule on it within a reasonable time. Nothing saying that. And especially where, as is the case in many jurisdictions where a motion is filed and the defendant asks that it not be heard, like happened here. So, all those factors combined together to make it so that this, the Maryland rule 4345E, the leniency rule, is not affected and not within the scope of the state. And if there's no other questions, I will yield my time. Thank you, sir. Thank you. Ms. Silver, you got something you want to add? Just briefly, just to clarify that it's not just three circuits that have ruled as Mr. Mitchell is asking this court to rule, but many district courts, including the Western District of Virginia, has recently ruled in three different decisions reviewing a Virginia Rule of Federal Procedure, Rule 35, that's very similar to the Maryland rule, very similar to the former Federal Rule 35. And the state of West Virginia never appealed those decisions. So that's also important for the court to keep in mind. Also when looking at Judge Chasnow's decision... Is that a Virginia District Court or a West Virginia District Court? I got confused. It's the West Virginia, it's the West... Western District of Virginia. It's the Western District of Virginia. I apologize. It's the Western District of Virginia. No, it's the Western District of Virginia, yes. In three cases? In three cases, yes. And they're all cited in my briefs. And they're all the same judge or are they different? No, no, three different cases. Three different... Well, are they the same judge? I don't know the answer to that and I apologize, Your Honor. The cases are cited in my brief. But they support you. Absolutely, yes. They all... They applied... So the district courts... The district courts in this circuit... Yes. ...are going in different directions. That's exactly right. Unless there's some material distinction between the statutes. That's exactly right, Your Honor. And you say there's not a material distinction? There is not a material difference, no. And actually, the rule, the West Virginia state rule that was reviewed... West Virginia state rule? So it's... Or the Virginia rule? Are you... I apologize. So these are the... It's the Northern... It's the district court in West Virginia reviewing West Virginia Rule 35. Not Western Virginia now. Is it the Northern District of West Virginia? Yes. It's the Northern District of West Virginia, the Southern District of West Virginia, and the Eastern District of West Virginia. We don't have an Eastern District in West Virginia. We're two different states for quite a while. I apologize. Well, I can tell the court... We can just look in the... I apologize. I can tell the court, in my brief, there are three different federal district court cases reviewing West Virginia Rule 35. Okay. All West Virginia district judges? Yes. In two different districts in West Virginia? Yes. One of them was Judge Bailey, I think. I apologize for that confusion. Was he involved in this? And so this, the West Virginia rule at issue is similar to Maryland's in that the legal and leniency challenges fall in two different sections. It has very limited rights to appeal. And it, again, has this, what I think is actually a very open-ended rule that the court has to rule on its motion within a reasonable amount of time. That actually allows a court to hold onto that motion for longer than a motion in Maryland, which has to be ruled on within five years, despite this Court of Special Appeals case that the state just mentioned. And I can address that case very briefly. It's actually a very, very narrow holding. It's actually based, in part, on a decision of this court in United States v. Stollings. And it says that when circumstances that are not within the defendant's control cause the trial court to have to consider a motion to modify sentence outside of the five-year window, that delay should not be held against the defendant. So it is in no way opening up that five-year limit to indefinite jurisdiction over those motions. It's a very narrow ruling. The five-year limit, though, is also relevant to another reason why this court should feel The very first case, Tasker v. Maryland, was issued before Maryland added the five-year limit. So when Tasker was decided, there actually was no limitation on when a court could decide a motion to modify sentence under Maryland law. And so that is also important, Your Honors. And again, I do, I just, it's frustrating that the state continues to say that it allows tolling indefinitely. It absolutely does not. In this case, the facts of this case, Mr. Mitchell basically bought himself an extra six months, if you look at the chronology, based on the fact that he filed his motion to modify a sentence. And again, the distinction between leniency and legal error is rooted entirely on the fact that just because a claim made in a motion to modify sentence is not cognizable in habeas law does not matter. Because the purpose that the Supreme Court was addressing in Mulvey-Coley is to encourage litigants to exhaust all state court remedies before proceeding to federal court in the hope that proceeding to federal court may become unnecessary. That is to get the state case over with before it comes to federal court. That's exactly right. To take every opportunity that you can to basically resolve the case and to get an outcome, even if it's just in your sentence, and just getting your sentence to be shorter, it might prevent you from going to federal court. That's what the court held in Mulvey-Coley. That's why every other court that has ruled in cases that have rules that have a whole variety of differences, and none of those differences matter. They are differences without distinctions. Your Honor, the definition in Coley is broad, and it's simple, and it's clear. It applies to a motion to modify sentence under Maryland law, and Mr. Mitchell respectfully asked this court to overrule the decision of the district court and to reinstate his habeas petition. If you have no other questions, I will yield the remainder of my time. Thank you. Thank you very much. We'll come down and re-counsel and then take a short break. This Honorable Court will take a brief recess.
judges: Robert B. King, Henry F. Floyd, Stephanie D. Thacker